UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
(BROOKLYN)

| | |
|---|---|
| IN RE: EXACTECH POLYETHYLENE ORTHOPEDIC PRODUCTS LIABILITY LITIGATION | Case No.: 1:22-md-03044-NGG-MMH<br><br>**District Judge Nicholas G. Garaufis**<br>**Magistrate Judge Marcia M. Henry** |
| **This Document Relates to All Cases** | MDL No. 3044 |

## JOINT STATUS REPORT

Pursuant to the Court's Amended Scheduling Order dated September 16, 2024, and in anticipation of the October 7, 2024 Status Conference, Plaintiffs' Co-Lead Counsel ("Plaintiffs") and Defendants Exactech, Inc. and Exactech U.S., Inc. (collectively, "Exactech") (together, the "Parties") jointly submit the following report regarding the status of discovery and the litigation generally.

**I.  Current Federal and State Court Case Count & State Court Coordination**

There are currently 1,812 cases pending in or being transferred to this multidistrict litigation ("MDL"), 1,473 of which involve knee products, 324 of which involve hip products, 12 of which involve ankle products, and 3 cases where there is not information available to determine the product at issue. There are 718 state court cases pending in the Florida consolidated proceedings in the Eighth Judicial Circuit of Florida, Alachua County, 521 of which involve knee products, 189 of which involve hip products, and 8 of which involve ankle products. There are 27 cases pending in state court in Illinois which are the subject of a pending motion for coordination. The Parties have identified an additional 28 cases pending in other state courts. The Parties continue to believe that discovery across federal and state court actions should be coordinated to the extent feasible and will continue to seek the assistance of the Court in accomplishing that goal.

II.  **MDL/General Discovery**

    A.  **Discovery/Litigation Schedule**

        1.  **Plaintiffs' Position**

Without (1) immediate rulings on pending discovery disputes and (2) modifications to the litigation schedule, Plaintiffs are gravely concerned that their ability to prosecute their claims will be significantly prejudiced. Plaintiffs submit that the status conference set for October 7th is vital for the orderly conduct of the discovery process. Specifically, the Parties need input on the discovery issues.

Pursuant to the Second Amended Discovery Case Management Order, "All fact discovery must be completed" by December 31, 2024. (Doc. 522.) Pursuant to the Bellwether Scheduling Orders (Docs. 699, 614), Plaintiffs' Expert Disclosures are due on November 25, 2025 (*Tarloff*), January 29, 2025 (*Larson*), January 31, 2025 (*Kramer*), and April 30, 2025 (*Caputo*). Pre-Trial Motions are due April 7, 2025 (*Tarloff*), June 27, 2025 (*Kramer*), June 29, 2025 (*Larson*), and September 29, 2025 (*Caputo*). Despite these fast-approaching deadlines, disputes over foundational discovery issues, including how relevant documents are produced remains unsettled.

As further detailed below, the Parties have been awaiting a TAR 2.0 protocol for almost a year.[1] Such a protocol dictates how Exactech automates the collection, review, and production of

---

[1] Pursuant to the August 22, 2023 First Amended Scheduling Order, the parties were to agree upon a proposed TAR 2.0 protocol for the production of the remaining custodial files by September 22, 2023. (Doc. 400 at 11(a)).  Primary briefing on the Parties' TAR 2.0 dispute concluded on October 16, 2023. (*See* Doc. 447 (pp. 9-13), 447-3, 447-4, and 458). In May 2024, Plaintiffs requested, but were denied leave to file a Reply in Support of their proposed TAR 2.0 Protocol. (*See* Doc. 624; May 30, 2024 Docket Text Order.) Instead, the Court provided that "The parties may address these issues with the Court at the scheduled 06/18/2024 conference or in their next status report." (May 30, 2024 Docket Text Order.) In the Parties' subsequent Joint Status Report, Plaintiffs and Exactech included additional information for the Court's consideration in ruling on the pending TAR 2.0 dispute. (Doc. 632, pp. 9-15.)

documents for at least 15 agreed upon custodial files. Without a TAR 2.0 protocol core documents have not been produced.

The Parties also await Orders concerning whether Exactech must produce (1) documents pertaining to (a) foreign regulatory communications[2]; (b) other similar litigation; and (c) Exactech-TPG merger due diligence;[3] and (2) six disputed custodial files.[4]

The outcome of each of these pending disputes, particularly the TAR 2.0 protocol, has direct bearing on, *e.g.,* lines of questioning raised and documents used in depositions, materials reviewed and opinions offered by expert witnesses, arguments made in motion practice, and trial strategy. However, even if a ruling on each pending dispute is entered at or shortly after the October 7th Status Conference, it will likely be many weeks or months before documents are able to be produced and reviewed, leaving little to no time under the current schedules for Plaintiffs to meaningfully use such discovery in depositions, expert disclosures, and motion practice.[5] To avoid prejudice, Plaintiffs request an opportunity to discuss reasonable modifications to the current scheduling order and bellwether orders.

2. **Exactech's Position**

Exactech has no interest in prejudicing Plaintiffs' ability to prosecute these matters and is open to a reasonable modification of the schedule to ensure fact and expert discovery in the bellwether trials reflect the full record of productions that will ultimately occur in this MDL.

---

[2] Which we now know that the GXL Liner was recalled in part due to German (BfArM) inquiries into failures.
[3] Briefing on this dispute concluded on October 4, 2023. (*See* Docs. 434, 447.)
[4] Briefing on this dispute concluded on January 31, 2024. (*See* Docs. 506, 520, and 523-1.)
[5] Pursuant to the Second Amended Case Scheduling Order, Exactech must produce the remaining custodial files within 45 days after the Court enters a TAR 2.0 Protocol. (See Doc. 522 at B(11).)"

3

Because the parties and the Court have crafted an aggressive schedule in which common and bellwether case-specific discovery overlap, extending the schedule further would not put this MDL behind the typical timeline for other medical device MDLs, in which common and case-specific discovery are often sequentially staged. Should the Court agree to consider modifying the schedule, Exactech could meet and confer with Plaintiffs' counsel to craft a proposed amended schedule. If it would allow for a better use of the Court and the Parties' time at the upcoming status conference, Exactech would also be open to continuing the date of the status conference from October 7 until a later date in the near future, which would also allow the parties to meet and confer on the discovery disputes outlined below and provide a more fulsome report to the Court on any disputes the parties are unable to resolve cooperatively.

### B. Fully Briefed Discovery Disputes Awaiting Rulings

#### 1. TAR 2.0

##### a. Plaintiffs' Position

The Parties' discovery dispute over the appropriate TAR 2.0 protocol to be entered in this case is fully briefed and awaiting ruling. In the absence of a ruling, Exactech refuses to produce core documents from at least 15 custodians.[6]

In October 2023, the Parties advised the Court that they had a discovery dispute pertaining to the appropriate TAR 2.0 protocol to be entered in this case and submitted competing TAR 2.0 protocols in their October 5, 2023 Joint Status Report. (*See* Doc. 447 (pp. 9-13), 447-3, 447-4.) At the October 12, 2023 hearing, the Court indicated it would be ruling "in relatively short order[.]"

---

[6] For example, with respect to the patella discovery (Fourth RFP), since "patella" was not a search term, Exactech has objected to numerous patella requests on the basis that "[t]he burden of identifying, locating, and producing additional communications outside the bounds of the parties' agreed upon ESI work in this regard would be prohibitive in both time and cost and would far outweigh any benefit of producing the same (*see* Fed. R. Civ P. 26(b)(2)(B))."

4

Oct. 12, 2023 CMC Tr. At 59:22-60:11; 69:10-16. Exactech, however, requested and was granted the opportunity to submit additional written arguments in support of its proposed TAR protocol, prior to the Court's ruling. Exactech filed its position paper on October 16, 2023. (*See* Doc. 458.)

At the next status conference, on December 20, 2023, the Court inquired as to whether the Parties had made any progress on the TAR protocol and Plaintiffs responded that the Parties were waiting on a ruling from the Court. *See* Dec. 20, 2023 CMC Tr. At 28:25—29:3.

During the March 14, 2024 Status Conference, the Parties and the Court discussed pending discovery disputes – including the TAR 2.0 proposals and the other disputes noted *supra*, and the Court stated it "will shortly be issuing an omnibus order that deals with all of them [discovery disputes]. Mar. 14, 2024 CMC Tr. At 4:11-19; 8:23—9:1.

Without an order on TAR 2.0, on May 29, 2024, Plaintiffs filed a Motion for Leave to File a Reply in Support of their Proposed TAR 2.0 Protocol to advise the Court of factual developments Plaintiffs aver are relevant to the Court's forthcoming decision. (Doc. 624). The Court denied Plaintiffs leave to file and ordered that "[t]he parties may address these issues with the Court at the scheduled June 18, 2024 conference or in their next status report." (*See* May 30, 2024 Docket Text Order.) Accordingly, in the Parties' June 12, 2024 Joint Status Report, Plaintiffs updated this Court as to factual developments that supported Plaintiffs' requested a TAR 2.0 protocol that requires transparency and oversight of Exactech's TAR process implementation. (*See* Doc. 632, pp. 9-10.) Specifically, Plaintiffs advised of significant issues being addressed in the Exactech

5

Florida Consolidated Litigation, concerning Exactech's improper coding (and withholding) of many hundreds of documents as subject to attorney-client privilege. *Id.*[7]

On June 12, 2024, the Court issued a text Order stating, "[t]he Court has reviewed the parties' comprehensive status report at ECF No. 632 and has determined that the status conference scheduled for 06/18/2024 is not necessary. Accordingly, the 06/18/2024 status conference is adjourned *sine die*. A separate rescheduling order shall issue for a later in-person status conference before District Judge Nicholas G. Garaufis and Magistrate Judge Marcia M. Henry."

On August 5, 2024, the Parties submitted a joint letter to the Court seeking to amend the trial date and discovery schedule set forth in the Court's Case Management Order for Bellwether Trials (Doc. 521) as the dates relate to the first bellwether case, *Gayle Tarloff*. (Doc. 684). In response, the Court set a status conference for August 12, 2024. During the August 12th hearing, Plaintiffs' counsel explained that the TAR protocol and outstanding discovery motions (*infra*) remained pending, and that Plaintiffs have held off on depositions of Exactech witnesses because of the outstanding discovery. *See* Aug. 12, 2024 CMC Tr. At 4:16—6:3; 10:19—11:8. The Court indicated there would be another discovery conference scheduled in September. *Id*. at 12:19-24. The Court also directed the parties to submit a joint proposed schedule for pre-trial deadlines consistent with the Court's proposed trial dates (July 7, 2025 and September 29, 2025) or alternative dates based on the status of discovery. (Aug. 12, 2024 minute entry). The Parties submitted the joint proposed schedule for the *Tarloff* and *Larson* bellwether trials on August 16, 2024 (Doc. 698), and the Court entered same (Doc. 699).

---

[7] As a result of Plaintiffs' oversight and Judge Keim's *in camera* review of 1,600 documents, Judge Keim held that more than 590 documents – approximately 35% of those submitted for *in camera* review – were improperly withheld under an assertion of privilege.

6

The Parties' TAR 2.0 protocol dispute remains pending. Because the Parties are without a TAR protocol, Exactech is withholding documents discussed further below. Even an immediate ruling on this issue; however, will not provide these documents to Plaintiffs in time to meet their obligations under the current scheduling orders. As set forth in the Second Amended Discovery Case Management Order, Exactech has 45 days from the entry of a TAR 2.0 protocol to produce documents. Accordingly, if a TAR protocol is entered on October 7th, Plaintiffs will receive many thousands of documents on November 21, 2024, mere days before Plaintiffs' expert disclosure deadline in *Tarloff*.

### b.      Exactech's Position

Exactech began discussing a proposed TAR 2.0 protocol as early as July of 2023 and by September 18, 2023, Exactech provided its proposed TAR 2.0 protocol and subsequently engaged in repeated meet-and-confers with Plaintiffs, even going so far as to facilitate a telephone conference with its e-discovery vendor to answer Plaintiffs technical questions. Exactech provided extensive transparency, but Plaintiffs still demanded more – including the extraordinary demand of being involved in Exactech's responsiveness determinations. As outlined in Exactech's October 16, 2023 letter to this Court, Plaintiffs' demands have no basis in law (Dkt. 458).

Exactech recognized the importance of advancing discovery, even while the Court reviewed the Parties' respective positions on TAR 2.0. For example, on December 20, 2023, December 28, 2023, and January 5, 2023, Exactech made document productions of three agreed upon custodians, and produced those documents pursuant to Plaintiffs' Search Terms. On January 8, 2024, Plaintiffs objected to those document productions stating that "no matter how the Court rules, Exactech used the wrong process for these custodians." Plaintiffs went on to declare Exactech's productions as "premature."  After receiving Plaintiffs' objection, Exactech invited

7

Plaintiffs to revisit negotiations regarding the TAR 2.0 protocol, an invitation Plaintiffs rejected. Exactech agrees that TAR 2.0 is the proper format for all future productions – particularly because it substantially reduces time, cost, and burden – but objects to Plaintiffs' characterization that Exactech is improperly refusing to provide documents.

Other than reiterating that the now-resolved privilege log dispute in Florida has no relevance to implementation of a TAR 2.0 protocol, Exactech relies on the substantive arguments made in prior briefing and the June 12, 2024 Status Report. Exactech also re-affirms its willingness to cooperate with Plaintiffs on a reasonable amendment to the current schedule, should the Court be amenable to entertaining a joint proposal from the parties to allow the Court time to rule on the pending discovery disputes and then to allow a reasonable period of time to implement those rulings.

### 2. Disputed Custodial Files

The Parties were to agree upon the final list of Exactech custodians (in addition to the 12 agreed upon custodial files) by October 6, 2023. (Doc. 400 at B.12). The Parties continued to meet and confer, and following the Dec. 20, 2023 Status Conference, the Court ordered Plaintiffs to file a letter regarding *inter alia*, the Parties' agreement as to the final list of Exactech custodians by January 10, 2024. (*See* Doc. 494). Plaintiffs initially sought nine contested custodial files (Doc. 506), but in Exactech's response it withdrew its objections to three contested custodial files (Doc. 520 at pp. 5-13). Plaintiffs filed a reply on January 29, 2024. (Doc. 523-1 pp. 1-2). The six contested custodians that remain in dispute are Raymond Cloutier, Graham Cuthbert, Joseph Pizzuro, Jim Stafferia, Lance Terrill, and Charlie Rye.

### 3. Disputed Discovery Topics

#### a. Plaintiffs' Position

In September 2023, Plaintiffs filed a discovery dispute letter (Dkt. 434), seeking an order overruling Exactech's objections to three categories of requested information (1) foreign regulatory, (2) other similar litigation, and (3) Exactech-TPG merger due diligence documents. This dispute is fully briefed and remains pending. As reflected in the June 12, 2024 Joint Status Report, however, Plaintiffs request that in ruling on the pending dispute, the Court consider new information that has come to Plaintiffs' attention. Specifically, Plaintiffs have learned that earlier this year Exactech produced all of the *qui tam* documents from *U.S. ex rel. Wallace v. Exactech, Inc.*, N.D. Ala. Case No. 2:18-cv-01010-LSC in another matter, *Dr. David Lemak v. Exactech Inc.*, Case No. 2:22-cv-00832-AMM, N.D. Ala. that involves claims made by an orthopedic surgeon that Exactech misrepresented and withheld information from him, the medical community, and patients that its knee polyethylene component, *inter alia* was defectively designed and manufactured. In the *Lemak* action, Exactech produced these documents without a motion to compel. The *qui tam* documents were finally produced in the *Collum-Bradford* matter on July 10, 2024, following Plaintiffs' filing a motion to compel and the Special Master and Court entering an interim order of sanctions against Defendant for its abuse of discovery. Exactech refuses to allow Plaintiffs' Co-Lead Counsel to share the documents produced in *Collum-Bradford* in the MDL.

#### b. Exactech's Position

The new information presented by Plaintiffs above should have no bearing on the Court's rulings with regard to the disputed discovery topics. With respect to the *qui tam* documents produced in the *Lemak v. Exactech, Inc.* matter, there is substantial identity in the factual bases for the *qui tam* claims and Dr. Lemak's claims. The relators in the *qui tam* litigation were Exactech sales representatives who serviced Dr. Lemak in connection with his use of Exactech's products,

9

and that litigation pertained to Exactech's metal finned tibial tray, *not the polyethylene components primarily at issue here.* Because the documents and discovery in the *qui tam* focused heavily on Dr. Lemak's experience with the finned tibial tray, Exactech deemed it reasonable to re-produce them in Dr. Lemak's separate lawsuit, due to the substantial overlap in the relevant evidence in the two litigations, including Dr. Lemak's relationship with Exactech and its sales representatives. Indeed, that Exactech re-produced the documents in that case demonstrates its willingness to streamline discovery when it is actually proper, and not a blanket fishing expedition that would result in reams of irrelevant documents being produced in unrelated litigation.

Similarly, the *Collum-Bradford* case involves aseptic loosening of the metal finned tibial tray at issue in the *qui tam* due to an alleged defect in that product, in addition to alleged issues with polyethylene wear. Plaintiff's counsel in *Collum-Bradford* is Plaintiffs' Co-Lead Counsel in this MDL, and therefore that case should have been coordinated with the MDL. Despite Plaintiff's counsel's repeated vows to coordinate related state court actions, and despite Exactech's repeated offers to coordinate *Collum-Bradford* with his MDL to the extent that case involves allegations against the plaintiff's polyethylene liner there, Plaintiff's counsel refused to coordinate the case, instead choosing to pursue the same motion to compel the *qui tam* documents in California that Plaintiffs are pursuing before this Court, presumably in recognition that a California state court would be more likely to grant them the relief they wanted. The Court should not reward a refusal to coordinate – one that has now substantially increased the expense and burden of discovery on Exactech – by ordering blanket production of the *qui tam* documents in the MDL, just because a California court did so in a case involving the same metal tibial tray component that was at issue in the *qui tam* but has only tangential relevance here.

### C.    Other Discovery Updates

#### 1.    Plaintiffs' Position

On September 20, 2024, Plaintiffs sent Exactech a letter to coordinate the scheduling of 30(b)(6) and fact witnesses depositions with the intent to advise the Court of the Parties' deposition plan in this Joint Status Report. Plaintiffs requested to meet and confer on September 25, or another date Exactech was available to schedule the depositions. Exactech has not responded or acknowledged Plaintiffs' letter. Plaintiffs will work with Exactech to schedule these depositions, but at least thirty depositions need to be scheduled. However, Plaintiffs have significant concerns about moving forward with these depositions without core documents that are subject to the Parties' pending discovery disputes.

On September 25, 2024, Plaintiffs corresponded with Exactech regarding 448 entries on Exactech's most recent (June 21, 2024) privilege log. Plaintiffs will meet and confer with Exactech in an attempt to resolve these issues.

On June 4, 2024, Plaintiffs served their Fourth Request for Production which relates to the polyethylene patella component recalled by Exactech in April 2024. Exactech responded on July 8, 2024 with a panoply of general and specific objections, identifying a very limited number of documents (460 pages) that had been in the prior document production regarding parts of the Design History File for the Advanced Patella (its newer patella involving a minority of the patella components recalled). The Advanced Patella post-dated the patellas that were implanted in the four bellwether cases. The Design History Files and regulatory submissions for the older patellas: the Inset Patella, the Optetrak 3 Peg Patella, and the Optetrak One Peg Patella were not produced. The Response and Objections did note that Exactech would search for and provide the design history and regulatory clearance records for those knee components. The Parties met twice in July to address the many objections, and Exactech committed to producing the documents referenced

11

in its responses and during the meet and confer by August 1, and to the extent all documents were not produced that day, it would produce additional documents shortly thereafter. On August 1, Defendant produced a small number of documents, which failed to encompass the documents its Response had indicated it would produce as well as other categories it had agreed to produce during the meet and confer. The Court inquired about this production at the August 12, 2024 hearing and Defendant said "there will likely be a few more [patella productions] coming." Aug. 12, 2024 CMC Tr. at 12:2-6. Plaintiffs sent a detailed letter to Exactech on September 27, 2024 enumerating these failures in greater detail and afforded it until October 4 to produce the documents to avoid motion practice. Plaintiffs hope that this matter is mooted by a substantive production preceding the October 7 conference. In that Defendant objected to a number of demands based on privilege claims, Plaintiffs have asked for a privilege log identifying what has been withheld on that basis.

Exactech served its responses and objections to Plaintiffs' Fifth Request for Production ("Fifth RFP") on September 23, 2024. Plaintiffs' Fifth RFP consisted of three requests seeking information about employees, organizational structure, and changes in the manufacturing process at a specific Exactech manufacturing and molding facility in Sarasota, Florida. Exactech responded with a litany of objections to each request and failed to produce or agree to produce anything. Instead, Exactech referenced a range of almost entirely non-responsive documents it previously produced in response to one request. To date, Exactech has not provided a date to meet and confer despite Plaintiffs' counsel's request.

    2.    **Exactech's Position**

Exactech will of course continue to meet and confer with Plaintiffs' counsel on all the issues outlined above. With respect to the deposition plan, Exactech shares the concerns of Plaintiffs enumerated above that custodian productions should be completed prior to depositions

12

occurring, so that witnesses do not need to be re-deposed should documents be produced after their deposition that might bear on their testimony. Thus, Exactech believes that the parties should combine their conferrals on this matter with a potential modification to the discovery schedule to accommodate the forthcoming custodian productions, and that deposition scheduling is premature for the moment. With respect to the documents pertaining to the patellar components and Plaintiffs' Fifth Request for Production of Documents, Exactech is in the process of reviewing Plaintiffs' detailed correspondence on these issues to identify common ground and make the next meet-and-confer more productive; that said, it may be that some of the documents Plaintiffs are seeking simply do not exist. Exactech will expedite its assessment of these issues, meet and confer with Plaintiffs, and hopefully resolve or at least substantially narrow the areas of dispute to avoid overburdening the Court with motion practice.

### III. Bellwether Plan

#### A. MDL

##### 1. Scheduled Bellwether Trials

In the first bellwether trial scheduled before the Court, *Tarloff v. Exactech, Inc., et al.*, the Parties have completed depositions of Plaintiff, her spouse, and her surgeon, Dr. Geoffrey Westrich. While the Exactech sales representative who was present in the operating room during the Tarloff surgeries has passed away, Plaintiffs have identified from the documents associated with the deposition of Plaintiff's surgeon the name of the third-party distributor manager who was responsible for all of HSS and other New York hospitals, with whom Dr. Westrich had interacted. Plaintiffs will be seeking his deposition.

In the second bellwether trial, *Larson v. Exactech, Inc., et al.*, the Parties are scheduled to take the deposition of Plaintiff's treating surgeon, Dr. Gregory Sirounian, on October 17, 2024. Plaintiffs have asked Exactech whether they represent Brooke Ellis, the sales representative in the

13

*Larson* case, and if so to provide a date for the deposition. Geraldine and Joseph Larson will be deposed later this month, with the dates to be finalized shortly. Plaintiffs' expert reports in *Tarloff* are due November 25, 2024 and January 29, 2025 in *Larson*.

### 2. Supplemental Defense Fact Sheet

Defendants produced on September 30 an Amended Supplemental Defense Fact Sheet to include the Complaint File of their investigation of the *Tarloff* case. The document was produced after the deposition of Dr. Westrich despite prior requests. The Supplemental Fact Sheet was not verified by the defendant and a request for verification has been made. Defendant's comments below seeking to justify the late production of the Complaint File do not address the simple fact that this Amended Supplemental Defense Fact Sheet was not verified by the client as the 3/23/23 Amended Fact Sheet Implementation Order paragraph 5 requires and an Exactech signed verification should be immediately forthcoming.

In response to Plaintiffs' comments regarding the Complaint File, Exactech notes that it can only produce documents that actually exist and has no duty to *create* evidence for production. Exactech produced drafts of the Complaint File months ago, but the company's investigation into Ms. Tarloff's revision surgery was only recently completed. Exactech's Complaint File investigation process is one wholly separate from the litigation process, and it is important that the investigation process occur without regard to the litigation. Once the Complaint File was completed, Exactech produced it. A verification has been completed by Exactech and will be produced to Plaintiffs promptly. Exactech will commit to meeting and conferring with Plaintiffs to assess whether accommodations can be made to complete Complaint File investigations relevant in the bellwether cases during the discovery period, while still ensuring that the investigation process maintains independence from the litigation process.

### IV. Florida Update

On October 26, 2023, Judge Keim issued the Florida Bellwether Plan for hip cases. Thereafter, on January 17, 2024, Judge Keim entered an Order Selecting Bellwether Trial Pool Cases and Requiring Submission of Proposed Discovery Deadlines in four cases – *Nancy J. Brodbeck, et. al* (01-2022-CA-001651); *Rae Sions* (01-2023-CA-003181); *Michael Williams* (01-2023-CA-002870); and *Janice Watkins, et al.* (01-2022-CA-002662). The *Sions* case has now been settled. Relatedly, the trial date for *Brodbeck*, originally scheduled for October of 2024, has been moved to the December 2nd trial setting originally held by *Sions*. Several depositions will take place in October to complete preparations for that trial. Dispositive and pretrial motions for *Brodbeck* must be filed by October 4, 2024, and are set for hearing on October 31, 2024. A pretrial hearing is set for November 21, 2024.

In the *Williams* case, set for trial in February 2025, the parties have completed the depositions of Plaintiff, his spouse, and his implanting surgeon, with the revision surgeon's deposition scheduled for October 9, 2024. Expert disclosures are fast approaching in both *Williams* and *Watkins*.

### V. Continued Moratorium on Plaintiffs' Fact Sheets and Defense Fact Sheets

On April 29, 2024, the Court entered an Order that served as a moratorium on Plaintiff and Defense Fact Sheets. (Doc. 594). The Parties agree that the April 29, 2024 Order should be amended to extend the suspension of Plaintiffs' and Defense Fact Sheets until January 17, 2025.

*********************************

The Parties look forward to seeing Your Honors at the Status Conference scheduled for October 7, 2024.

Dated: October 2, 2024                                   Respectfully submitted,

| | |
|---|---|
| **WEITZ & LUXENBERG, P.C.** | **FAEGRE DRINKER BIDDLE & REATH LLP** |
| */s/ Ellen Relkin* | */s/ Michael J. Kanute* |
| Ellen Relkin | Michael J. Kanute |
| 700 Broadway | Ruben I. Gonzalez |
| New York, NY 10003 | Sean J. Powell |
| T: 212-558-5500 | 320 South Canal Street, Suite 3300 |
| F: 212-344-5461 | Chicago, IL 60606 |
| erelkin@weitzlux.com | T: 312-212-6510 |
| | F: 312-569-3000 |
| | Mike.kanute@faegredrinker.com |
| | Ruben.gonzalez@faegredrinker.com |
| **POPE McGLAMRY, P.C.** | Sean.powell@faegredrinker.com |
| */s/ Kirk Pope* | J. Stephen Bennett |
| N. Kirkland Pope | 110 West Berry Street, Suite 2400 |
| 3391 Peachtree Road, NE | Fort Wayne, IN 46802 |
| Suite 300 | T: 260-424-8000 |
| Atlanta, GA 30326 | F: 260-460-1700 |
| T:  404-523-7706 | Stephen.bennett@faegredrinker.com |
| F:  404-524-1648 | |
| Kirkpope@pmkm.com | Susan M. Sharko |
| | 600 Campus Drive |
| ***Plaintiffs' Lead Counsel*** | Florham Park, NJ 07932 |
| | T: 973-549-7000 |
| | F: 973-360-9831 |
| | Susan.sharko@faegredrinker.com |
| | |
| | ***Counsel for Defendants Exactech, Inc. and Exactech U.S., Inc.*** |

cc:     All Counsel of Record via ECF

16